UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X  06 CV 2482 (NG) (LB)
CARRIE L. CHANDLER PENA,

                **Plaintiff,**

  -against-                                  **ORDER**

UNITED STATES CUSTOMS AND BORDER
PATROL,

                **Defendant.**
------------------------------------------------------------------X

**GERSHON, United States District Judge:**

In this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which is part of the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706, 1605, 3105, 4301, 5335, 5372, 7521, *pro se* plaintiff Carrie L. Chandler Pena asks the court to direct the United States Customs and Border Patrol ("CBP") to disclose documentation establishing the date of use of a passport issued to her in the name of "Amy L. Glasper."[1] Compl. ¶ 17. The defendant moves for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure, claiming that, because the CBP does not have any records responsive to plaintiff's request, it cannot improperly withhold them, and therefore plaintiff is not entitled to relief under the FOIA. Plaintiff did not respond to defendant's motion.

## FACTS

Plaintiff alleges that she made her original request to the CBP by letter dated October 14, 2004. *Id* ¶17. On January 10, 2005, she submitted a "Request for Information" form at the agency's

---

[1] Plaintiff's complaint states that on July 12, 1994, she was convicted under 18 U.S.C. § 1542, for giving a false name in an application for this passport. Compl. ¶ 9.

1

request. *Id. at* ¶ 17, 20. Plaintiff resent the form on February 3, 2005, after the agency claimed it had not been received. *Id*. at 20. On April 29, 2005, after receiving no response to her request, plaintiff contacted the agency for more information, but after several phone calls was unable to speak with anyone. *Id.* at ¶ 18, 19. On May 5, 2005, Plaintiff sent an appeal letter to the CBP as allowed by 5 U.S.C. § 552(a)(6). The CBP did not respond until October 4, 2005, when the agency informed plaintiff that her request had been referred to the Department of State, which was already processing a similar request from plaintiff. *Id.* at 19, 20. Plaintiff filed the instant action on May 17, 2006.

The defendant submits a declaration from Rebecca Hollaway, a staff attorney in the CBP's FOIA Appeals, Policy and Litigation Branch, Regulations and Disclosure Law Division, Office of Regulations and Rulings. Ms. Hollaway acknowledges receipt of plaintiff's FOIA request dated October 14, 2004, Request for Records forms, and subsequent appeal letter. Def's Decl. ¶ 5, 6. Ms. Hollaway states that the CBP referred plaintiff's request to the Department of State, the agency with proper jurisdiction, on May 4, 2005, and, at that time, the Department of State was already processing a similar request made by plaintiff to that agency. *Id.* at ¶ 7. Additionally, Ms. Hollaway states that, in preparation of her declaration, the CBP's Office of Field Operations conducted a search of the CBP's database for documents relevant to plaintiff's request, and no such records were found. *Id.* at ¶ 10. The CBP admits that it did not notify plaintiff that her request had been referred to the Department of State until October 5, 2005. *Id.* at ¶9.

## DISCUSSION

**I.    Summary Judgment Standard**

Summary judgment shall be granted if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is "some metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co, Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To prevail, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *id.* at 587.

## II.     Summary Judgment Under FOIA

Under FOIA, subject matter jurisdiction is dependent on a showing that an agency has 1) improperly, 2) withheld, 3) agency records; only when each of these criteria is met may a court compel an agency to comply with FOIA's disclosure obligations. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 478 (2d Cir. 1999). To "withhold" documents, an agency must have possession and control over such documents. *Kissinger v. Rep. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). An agency is not required to procure documents that are not already in its possession. *Id.* Where documents do not exist, an action for their production is subject to dismissal. *Mitchell v. Kemp*, No. 91-2983, 1992 WL 188355, at *3 (S.D.N.Y. July 27, 1992). To prevail on a motion for summary judgment, an agency must demonstrate that its search for the requested documents was adequate. *Carney v.*

*United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden." *Id*. Furthermore, agency affidavits are presumed to be made in good faith, and when such submissions are "adequate on their face," the court may grant summary judgment on the basis of the affidavits. *Id.*

### III. Plaintiff's FOIA Claim

Ms. Hollaway's affidavit, taken in good faith, establishes that the CBP conducted an adequate search for the records. The CBP referred plaintiff's request to the Department of State, the agency with jurisdiction over plaintiff's request. Additionally, the CBP conducted a search of its own files and found no documents responsive to plaintiff's request. Because the CBP does not have possession of any documents relevant to plaintiff's request, it cannot improperly "withhold" them within the meaning of the FOIA. *Kissinger v. Rep. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). Indeed, the CBP is not required to procure documents not already in its possession. *Id.* Therefore, plaintiff is not entitled to relief under the FOIA, and summary judgment for the defendant is appropriate. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

### CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is granted.

**SO ORDERED.**

/s/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
May 14, 2007

4